**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

REOLOGY SERVICES GROUP, LLC.,
COLDWELL BANKER REAL ESTATE, LLC.,
ERA FRANCHISE SYSTEMS, LLC.,
CENTURY 21 REAL ESTATE, LLC.,

                Plaintiffs,

v.

CREATIVE EXPLOSIONS, INC.,

                Defendant.

Civ. No. 07-3746(DRD)

**O P I N I O N**

*Appearances:*

CONNELL FOLEY, LLP
By: Jeffrey L. O'Hara, Esq.
85 Livingston Avenue
Roseland, NJ 07068

    *Attorneys for Plaintiff*

**DEBEVOISE, Senior District Judge**

Plaintiffs, Reology Services Group, LLC, ("RSG"), Coldwell Banker Real Estate, LLC ("CBRE"), ERA Franchise Systems, LLC ("ERA"), and Century 21 Real Estate, LLC ("Century 21") (collectively "Plaintiffs") filed their Complaint on August 9, 2007, against Creative Explosions, Inc. ("Creative"), alleging breach of contract and trademark infringement. Creative was personally served with the Summons and the Complaint on December 23, 2007. Creative defaulted on the Complaint, and Plaintiffs entered a default. On April 30, 2008, Plaintiffs moved for default judgment.

The Court then inquired of Plaintiffs about their basis for in personam jurisdiction. Plaintiffs responded that personal jurisdiction exists because Creative entered into a contract with New Jersey companies, Creative remitted payments to the companies in New Jersey and was required to report its business transactions to Plaintiffs in New Jersey, and Creative operates a website, which is accessible in New Jersey. On June 19, 2008, this Court denied Plaintiffs' motion for default judgment without prejudice and issued an order to show cause why this action should not be dismissed for lack of personal jurisdiction. Thereafter, on July 21, 2008, Plaintiffs submitted an affidavit detailing two trips to New Jersey by Creative. The affidavit states that Creative solicited its products and services to Plaintiffs' agents and brokers. In view of this new evidence, the Court is satisfied that personal jurisdiction does exist. Therefore, this Court's dismissal of Plaintiffs' motion for a default judgment will be vacated and the motion for default judgment will be granted.

## BACKGROUND

Plaintiffs allege that they entered into a licensing agreement with Creative on July 18, 2005. The agreement permitted Creative to use Plaintiffs' trademarks in its own business in

exchange for a marketing fee and a percentage of all commissions earned.  On September 12, 2005, representatives of Creative came to New Jersey to solicit Plaintiffs' agents and brokers.  Creative delivered a series of presentations on products and services that Creative had developed.  Additionally, Creative representatives returned to New Jersey in January 2006, to attend an orientation for brokers hosted by Plaintiff, ERA.  On March 20, 2007, Plaintiffs notified Creative that Creative was in default for failing to make the required payments.  On April 13, 2007, Plaintiffs terminated the licensing agreement, which required Creative to discontinue use of Plaintiffs' trademarks.  When Creative continued using Plaintiffs' trademarks, Plaintiffs sent an additional letter reiterating Creative's obligation to refrain from using Plaintiffs' trademarks.  Plaintiffs initiated this action because Creative has failed to pay the required marketing fees and has been using Plaintiffs' trademarks in violation of the licensing agreement.

## DISCUSSION

When a party has not appeared in the proceedings, the court has an affirmative duty to determine whether in personam jurisdiction exists before entering a default judgment.  Howard Johnson Int'l, Inc. v. Goodland Inns, Inc., No. 06-5137, 2008 U.S. Dist. LEXIS 41657, at * 4 (D.N.J. May 27, 2008) (quoting Williams v. Life Savings and Loan, 802 F.2d 1200, 1203 (10th Cir. 1986)).

Ascertaining personal jurisdiction requires a two-step analysis.  IMO Indus., Inc. v. Kiekert AG, 155 F.3d 245 (3rd Cir. 1998).  First , the court must look to the forum state's long-arm statute to determine whether a forum state court would have personal jurisdiction over the defendant.  Id.  Second, the court must determine whether exercising jurisdiction violates Due Process under the Fifth Amendment.  Id.  In this case, New Jersey allows in personam

jurisdiction to federal constitutional limits; therefore, an analysis of the constitutional limits of jurisdiction is required. Id.

The constitutional requirements of personal jurisdiction are met when the plaintiff shows that the defendant "purposefully availed itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." IMO, 155 F.3d at 259 (quoting Hanson v.Denckla, 357 U.S. 235, 253 (1958)). In order for the court to exercise general jurisdiction, where the defendant is subject to the forum state for actions unrelated to his contacts with the forum state, its contacts must be "continuous and systematic." Helicopteros Natcionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 n.9 (1984). However, when the plaintiff's cause of action arises from defendant's contacts with the forum state, the court can exercise specific jurisdiction, as long as the defendant has sufficient "minimum contacts." IMO, 155 F.3d at 259.

In this case, there is no general jurisdiction because Creative's contacts with New Jersey are not "continuous and systematic." Creative's only contact with the State of New Jersey is limited to two business trips and the sending of various fees and reports to Plaintiffs. However, this Court can exercise specific jurisdiction over Creative because defendants have purposefully availed themselves of the forum state's jurisdiction when they engage in commerce and avail themselves of the privilege of conducting business in the forum state. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 476 (1985). In Miller Yacht Sales, Inc. v. Smith, personal jurisdiction was established when the defendant made trips to the forum state to negotiate a licensing agreement, used those trips to misappropriate designs, advertized and resold products derived from those misappropriated designs in the forum state. 384 F.3d 93, 97-98 (3rd Cir. 2004). Similarly, in this case, Creative has solicited its products to New Jersey residents. Moreover,

4

these solicitations to the select audience of Plaintiffs' brokers and agents was due to the agreement which Creative entered into.  Therefore, there are sufficient minimum contacts to establish personal jurisdiction.

Plaintiffs further allege personal jurisdiction because Creative uses Plaintiffs' marks on Creative's website.  However, Plaintiffs do not allege that they have lost any business because of this infringement, nor that Creative is soliciting any sales from New Jersey residents through its website.  Although the internet is rather new, the courts have rejected for more than a decade the idea that personal jurisdiction can be established from the mere "presence" of a website in a forum state's cyberspace.  <u>Zippo Mfg. V. Zippo Dot Com, Inc.</u>, 952 F. Supp. 1119 (W.D. Pa. 1997).  Rather, "the exercise of personal jurisdiction is proper where the commercial web site's interactivity reflects specifically intended interaction with the residents of the forum state."  <u>Toys "R" Us, Inc. V. Step Two, S.A.</u>, 318 F.3d 446, 452 (3rd Cir. 2003) (citing <u>Zippo</u>, 952 F. Supp. At 1124).  Since it is clear that Creative is not directing its activities at New Jersey residents, personal jurisdiction is not proper on the basis of its website, despite Plaintiffs' assertion that Creative operates a website "which reaches all jurisdictions, including New Jersey."

Additionally, the court's exercise of jurisdiction must comport with "traditional notions of fair play and substantial justice."  <u>Int'l Shoe Co. v. Wash.</u>, 326 U.S. 310 (1945).  However, once minimum contacts have been established, the burden is on the defendant to present a "compelling case that the presence of some other considerations would render jurisdiction unreasonable."  <u>Grand Entm't Group v. Star Media Sales</u>, 988 F.2d 476, 483 (3rd 1993) (quoting <u>Cartaret Sav. Bank, FA v. Shushan</u>, 954 F.2d 141,150 (3rd 1992)).  In this case, Creative has not shown why jurisdiction would be unreasonable.  Therefore, since Creative has purposefully

availed itself of New Jersey to engage in commerce, personal jurisdiction is appropriate.

CONCLUSION

For the reasons set forth above, this Courts dismissal of Plaintiffs' Motion for Default Judgment will be VACATED and the Motion will be GRANTED. This Court will enter an order implementing this opinion.

   /s/ Dickinson R. Debevoise
DICKINSON R. DEBEVOISE, U.S.S.D.J.

Dated: July 23, 2008